**UNITED STATES of America, ex rel. Robert WATSON E-5716, Appellant,**

v.

**COMMON PLEAS COURT OF PHILA-DELPHIA, PA. and A. T. Rundle, Warden.**

**No. 16603.**

United States Court of Appeals Third Circuit.

Argued Nov. 2, 1967.

Decided Nov. 16, 1967.

Rehearing Denied Dec. 15, 1967.

Lawrence T. Hoyle, Jr., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellant.

Welsh S. White, Asst. Dist. Atty., Philadelphia, Pa. (Charles A. Haddad, Asst. Dist. Atty., Alan J. Davis, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, GANEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

On March 4, 1964, appellant was convicted in the Philadelphia, Pennsylvania Court of Quarter Sessions, of burglary, larceny and receiving stolen goods. The record shows that he had been arrested

---

while trying to cash a forged check which had been stolen in an earlier burglary. At the time he was wearing an overcoat which had been stolen in another burglary. It was testified at the trial that appellant told the police he had bought the coat from one Frank Smith and that he had offered to take the police to Smith's room in a Philadelphia apartment. Appellant stated to the police that he himself lived at an entirely different Philadelphia address. Appellant, accompanied by the police, went to where he had said Smith lived, opened the apartment door, went in and when he came out he had several other articles, later identified as having been stolen in the above mentioned burglaries. The police went into the particular room and found more property which was also identified as having been stolen.

The now appellant Watson testified at his trial. He affirmatively stressed that the apartment where he took the police was not his but Smith's. His attorney throughout the trial affirmatively protested reference to those premises as Watson's, arguing that there was no such proof in the case. There was no objection on behalf of Watson to the introduction into evidence of the stolen property taken from the so called Smith room. Nor was there any motion to suppress that evidence. Watson was found guilty and thereafter sentenced to serve from three to eight years in a Commonwealth prison.

Later Watson filed a petition for habeas corpus in the District Court. The alleged basis for this was that his conviction had been obtained by the use of evidence seized as the result of an unlawful search. The district judge, Joseph S. Lord, III, because of the above circumstances, insisted on holding a plenary hearing. This was primarily to ascertain if the defense failure to object to the admission into evidence of the stolen property found on Watson and in the apartment had been deliberate or whether the search of the apartment, admittedly without warrant, had been violative of Watson's constitutional rights.

After that hearing Judge Lord in an excellent opinion held that the non objection to the offer into evidence of the stolen property from the apartment and the attempted defense rejection of the prosecution theory that the room was really Watson's, was in effort to eliminate Watson from responsibility for the thefts of said property. The judge simply did not credit Watson's testimony at the habeas corpus hearing which was in direct contradiction to the explanation he had given at his trial. We are in accord with the sound decision of Judge Lord in denying the writ.

The judgment of the District Court will be affirmed.